UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-10266-JLS-JDE                                        Date: February 07, 2024
Title:  Penny Adams-Vargas v. Harbor Group Management Co., et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER: (1) DENYING MOTION TO REMAND (Doc. 12); AND (2) GRANTING MOTION TO AMEND NOTICE OF REMOVAL (Doc. 13)**

     Before the Court is a Motion to Remand filed by Plaintiff Penny Adams-Vargas. (Mot., Doc. 12.)  Defendant Harbor Group Management Co., LLC opposed, and Adams-Vargas responded.  (Opp., Doc. 16; Reply, Doc. 17.)  Also before the Court is an unopposed Motion to Amend the Notice of Removal filed by Harbor Group.  (Mot. to Amend, Doc. 13.)  The Court finds these matters appropriate for decision without oral argument, and the hearing set for February 9, 2024, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES the Motion to Remand and GRANTS the Motion to Amend.

I.    **BACKGROUND**

     Adams-Vargas initiated this action in Los Angeles County Superior Court on October 30, 2023.  (*See* Compl., Doc. 1-2.)  She brings claims against Harbor Group for several violations of California law flowing from her allegedly wrongful termination.  (*See generally id.*)  On December 6, 2023, Harbor Group removed the action to federal court, invoking this Court's diversity jurisdiction "because complete diversity of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-10266-JLS-JDE                                              Date: February 07, 2024
Title:  Penny Adams-Vargas v. Harbor Group Management Co., et al.

citizenship exists between the parties and the amount in controversy exceeds $75,000." (Notice of Removal ("NOR") ¶ 14, Doc. 1.)

Adams-Vargas now moves to remand the action to state court, arguing that Harbor Group has not established that the amount in controversy exceeds $75,000. (Mot. at 2.) In support of removal, Harbor Group offers three calculations regarding Adams-Vargas's damages claims.  First, Harbor Group alleges that the emotional distress damages sought could, alone, exceed $75,000 because Adams-Vargas seeks recovery for "severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment."  (NOR ¶ 30.)  Second, Harbor Group alleges that Adams-Vargas's claim for lost wages would amount to $39,624 per year because her final pay rate was $19.05 per hour for a fixed schedule of 40 hours per week.  (*Id.* ¶ 31.)  Indeed, the Complaint alleges that, at the time of her termination on July 19, 2022, Adams-Vargas's hourly wage rate was $19.05, and she had a fixed schedule of 40 hours per week.  (Compl. ¶¶ 17, 19.)  Third, Harbor Group calculated the additional wage and hour damages available under the California Labor Code and determined that meal and rest period compensation would amount to $5,929, waiting time penalties would amount to $4,572, and statutory penalties would amount to $750.  (NOR ¶ 32.)  Adams-Vargas concedes that she seeks $11,251 for these additional wage and hour damages. (Mot. at 6.)  The NOR also correctly identifies that attorneys' fees are included in the amount in controversy where a substantive statute requires their award.  (NOR ¶ 26.)  Harbor Group alleges that this combined recovery exceeds $75,000.  (*Id.* ¶ 33.)

Harbor Group has also filed a Motion to Amend its NOR.  It presents newly discovered information about the citizenship of all members of the Harbor Group Management Co., LLC.  (Mot. to Amend at 5–6.)  Harbor Group seeks leave to amend the NOR's jurisdictional statement so that it is more accurate and complete.  (*Id.* at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-10266-JLS-JDE                                     Date: February 07, 2024
Title:  Penny Adams-Vargas v. Harbor Group Management Co., et al.

## II.    LEGAL STANDARD

As the party invoking the removal jurisdiction of this Court, Defendants bear "the burden of establishing federal jurisdiction." *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  Under the removal procedures provided by 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  However, "[w]e strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  And "if it is unclear what amount of damages the plaintiff has sought … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id*. at 566-67.

## III.    ANALYSIS

Here, Adams-Vargas asserts that this Court lacks subject matter jurisdiction because Harbor Group has not met its burden of establishing that the amount in controversy exceeds $75,000.  (Mot. at 5.)  She makes two arguments about why Harbor Group's evidence falls short, but the Court finds neither persuasive.

First, Adams-Vargas argues that Harbor Group's calculations add up to only $50,875, based on: $39,624 in lost wages per year, $5,929 in owed meal and rest period compensation, $4,572 in waiting time penalties, and $750 in statutory penalties.  (*See* NOR ¶¶ 31, 32.)  Because that total does not exceed $75,000, Adams-Vargas argues that Harbor Group has met the amount-in-controversy requirement only if the Court accepts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-10266-JLS-JDE                                                    Date: February 07, 2024
Title:  Penny Adams-Vargas v. Harbor Group Management Co., et al.

the speculative and unsupported calculations for emotional distress damages and attorneys' fees, which Adams-Vargas claims should be set aside.  (Mot. at 5–7.)

But Adams-Vargas overlooks that the $39,624 figure for lost wages is a *per-year* amount, and she has already accrued more than one year of lost wages.  The Complaint alleges that Adams-Vargas was wrongfully terminated on July 19, 2022.  (Compl. ¶ 17.) It is now February 2024.  The allegations in the Complaint state that Adams-Vargas was 53 years-old at the time of her termination, that she performed all her job duties "satisfactorily," and that, "[a]t all times [], Plaintiff was willing and able to perform the duties and functions of the position." (*Id.* ¶¶ 17, 65.)  None of Adams-Vargas's allegations suggest that her period of employment would have ended before today if it were not for Harbor Group's alleged wrongful conduct.  *See Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (explaining that courts can consider "physical condition, age, propensity for hard work, expertise …, [and] the profit history of the operation," when determining "a reasonable period for the duration of [plaintiff's] employment" (cleaned up)).

Therefore, Adams-Vargas's lost wages, from the time of termination to present, are for 80 weeks of work, which amounts to $60,960 using her hourly rate at the time of her termination.  As a result, the amount in controversy from lost wages and additional wage and hour damages is $72,211 as of today.  Adams-Vargas's lost wages will likely continue to accrue, but the Court need not "extrapolate lost wages through a hypothetical future trial date." *Ponce v. Med. Eyeglass Ctr., Inc.*, 2015 WL 4554336, at *2 n.2 (C.D. Cal. July 27, 2015) (noting a split in authority regarding whether the amount in controversy includes projected lost wages or only lost wages to date).  It is sufficient to note that, even the most conservative of calculations for attorneys' fees and emotional distress damages would increase the amount in controversy by several thousand dollars more and exceed the jurisdictional threshold.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-10266-JLS-JDE                                      Date: February 07, 2024
Title:  Penny Adams-Vargas v. Harbor Group Management Co., et al.

      Second, Adams-Vargas urges the Court to disregard the yearly wage calculations. She points out that the language in the NOR states that the pay rate and fixed schedule "*could* give rise to *as much as* $39,624"; she argues that this calculation is a best-case scenario and that her lost yearly wages could be less.  (Mot. at 6 (emphasis in original).) She does not identify how that number may be inflated, but the Court acknowledges that between sick leave and vacation time, an employee may not work a full 40-hour week every week of the year.   Nevertheless, the amount in controversy *is* the best-case recovery a plaintiff can obtain.  And were the Court to credit such deductions, they would not drop the amount in controversy here below the $75,000 threshold.

      Furthermore, Harbor Group is correct that this yearly wage calculation is *not* a best-case scenario because it does not include calculations for lost benefits or lost bonuses.  (Opp. at 8.)  *See Schachter v. Citigroup, Inc.*, 47 Cal. 4th 610, 618 (2009) ("We construe the term 'wages' broadly to 'include not only the periodic monetary earnings of the employee but also the other benefits to which he is entitled as a part of his compensation.'" (quoting *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970)).  As a result, the Court agrees with Harbor Group that this yearly wage calculation is conservative because it does not include the value of any other benefits that Adams-Vargas received in association with her employment.

      The Court concludes that the jurisdictional threshold is met.  Because the action will remain in federal court, the Court must also decide Harbor Group's Motion to Amend.  The Motion is unopposed, and the Local Rules provide that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  C.D. Cal. L.R. 7-12.  In addition to Adams-Vargas's consent to the Motion to Amend, the Court agrees that it is proper to let Harbor Group amend its NOR in the manner identified and to correct the deficiency in the statement of jurisdiction.  The Motion to Amend is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-10266-JLS-JDE                                         Date: February 07, 2024
Title:  Penny Adams-Vargas v. Harbor Group Management Co., et al.

## IV.   CONCLUSION

      For the above reasons, the Court DENIES the Motion to Remand.  Because the action will remain in federal court, the Motion to Amend is GRANTED.  Defendant shall file the amended Notice of Removal within **five (5) days** of the issuance of this Order.

      Initials of Deputy Clerk: gga